UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| IN THE MATTER OF SEARCH OF | ) | |
| | ) | |
| CITIZENS BANK OF BLOUNT COUNTY | ) | No. 3:11-MC-07 |
| CHECKING ACCOUNT NO. X2057 IN | ) | (PHILLIPS/SHIRLEY) |
| THE NAME OF DROGUERIA VILLA, INC., | ) | |
| | ) | |
| CITIZENS BANK OF BLOUNT COUNTY | ) | |
| CHECKING ACCOUNT NO. XXX4241 IN | ) | |
| THE NAME OF JOSEPH E. PARISI, | ) | |
| | ) | |
| CITIZENS BANK OF BLOUNT COUNTY | ) | |
| SAVINGS ACCOUNT NO. XXX3303 IN | ) | |
| THE NAME OF JOSEPH E. PARISI, | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Docs. 3, 6] referring Joseph E. Parisi's Motions for Return of Property [Docs. 1,5], to the undersigned for disposition or report and recommendation as may be appropriate.

In this case, it is undisputed that on or about January 26, 2011, the United States executed a search and seizure warrant as to three accounts held at Citizens Bank of Blount County: Account No. x2057, Account No. xxx4241, and Account No. xxx3303. Mr. Parisi alleges that this execution resulted in the seizure of $1,101,159.83 from his checking account, $806,392.18 from his savings account, and $874,344.09 from an account held by Drogueria de la Villa, Inc. All of these accounts were held at the Citizens Bank of Blount County ("CBBC"), and it is undisputed that the execution and seizure took place in the Eastern District of Tennessee. The warrant providing for the seizure was issued by Chief Magistrate Judge Justo Arenas, United States District Court for the District of Puerto Rico.

On March 18, 2011, Joseph E. Parisi filed a Motion for Return of Property with the Eastern District of Tennessee, demanding that the funds be returned. Mr. Parisi filed a second motion for return of property on June 3, 2011. The United States has responded in opposition to the relief sought by Mr. Parisi. The parties have appeared before the undersigned three times to address the requested return of property and whether this Court has the authority to order such relief.

Mr. Parisi moves the Court, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, to order the return of the funds seized from these accounts. Rule 41(g) states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed R. Crim. P. 41(g).

The United States argues that the initiation of timely forfeiture proceedings bars a claimant's ability to seek recovery of assets through a motion made under Rule 41(g) of the Federal Rules of Criminal Procedure. [Doc. 14 at 2]. As the Court of Appeals for the Seventh Circuit has explained, "The proper office of a Rule 41(g), motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to seek the return of property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property." United States v. Sims, 376 F.3d 705, 708 (7th Cir. 2004).

The United States has maintained since the inception of this issue that this Court cannot provide relief to the Plaintiff under Rule 41(g) because on or about April 26, 2011, the United States filed a civil forfeiture complaint pursuant to 18 U.S.C. § 983(a) in the District of Puerto Rico, [Doc. 26 at 2-3]. The filing of these forfeiture proceedings almost certainly undermines any authority this

Court would have to address a Rule 41(g) motion for return of this property. Thus, Mr. Parisi's statutory argument for this Court to return the funds seized from the accounts described above is not persuasive.

The Court, however, was concerned that when this issue first came to this Court the civil forfeiture proceedings in Puerto Rico were sealed, and this Court could not confirm that such forfeiture proceedings were actually ongoing or that a remedy was available to Mr. Parisi, without inordinate, undue delay. In addition allegations were made regarding delays and lack of any ongoing action in that case and/or an indefinite stay. In fact, it was not until after a hearing was held before the undersigned on June 30, 2011, that the civil forfeiture proceedings in Puerto Rico were unsealed. [Doc. 26 at 2-3; Doc. 34 at 5].

The undersigned was weary of denying the relief requested in this District, until it could be assured a remedy was available to Mr. Parisi in Puerto Rico. The civil forfeiture proceeding in Puerto Rico was unsealed last year, and Mr. Parisi has filed notice that he is a claimant to these funds in that action. The Court has reviewed the proceedings that are ongoing in the District Court for the District of Puerto Rico, United States v. $3,833,637.13 Funds Seized from Drogueria De La Villa, Inc., CBBC Acct. # x2057; $1,101,159.83 Funds Seized from Joseph Parisi CBBC Acct. # xxx4241; $806,392.18 Funds Seized from Joseph Parisi CBBC Acct. #x2057, et al., Case No. 3:11-CV-01394-PG (D.P.R.).[1] It is apparent that the civil forfeiture litigation is proceeding, and Mr. Parisi is now able to litigate and, in fact, has been litigating his claims in that forum, as has Drogueria de la Villa, Inc.

---

[1] Mr. Parisi alleges that $806,392.18 was taken from his savings account at CBBC. The caption of his filings indicates that the account number for the account from which the $806,392.18 was taken is # xxx3303. [Doc. 20]. The caption of the case in the District of Puerto Rico includes $806,392.18 that was seized from Mr. Parisi's savings account at CBBC, but the account number is listed as # xx2057. Given the congruity of the amounts and the alleged financial institution, it appears these are the same funds, but the Court would note this discrepancy for the record.

3

Accordingly, the Court finds that the relief sought in this case will be more appropriately decided in the District of Puerto Rico. The Court finds that the Motions for Return of Property should be denied, without prejudice, to allow re-filing of the same if a material change in circumstances were to take place. Therefore, the undersigned **RECOMMENDS**[2] that the Motions for Return of Property **[Docs. 1, 5]** be **DENIED WITHOUT PREJUDICE**, and the Clerk of Court be **DIRECTED** to **CLOSE** this case.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).